### J. E. ROBERTSON et al., *v.* SARAH WALLIS, Administratrix.

When a sale of slaves is made without any declaration on the subject of warranty, with a statement at the time that they had been burnt, but accompanied by the further statement that they had recovered, the sale must be considered as made subject to the usual warranties against redhibitory vices.

When the burns were on parts of the body where they could not be readily seen at a sale of the kind, and the purchaser could not judge by a superficial examination whether the injury was a serious one, and it impaired the slaves value, the vendor is entitled to relief.

APPEAL from the District Court of the Parish of Terrebonne.   *Cole,* J.
*Connelly & Rightor,* for *Robertson* et al.   *J. C. & A. Beatty* for *Sarah Wallis,* appellant.

OGDEN J. This is a redhibitory action with a prayer in the petition in the alternative for the rescission of the sale or the reduction of the price. The negroes were sold as a family, consisting of the mother and her three children, and were adjudicated at auction to the plaintiff for the price of $1376, payable in three annual instalments.

Judgment was rendered in the court below, allowing a deduction from the price of $625, and the defendant has appealed.

Two of the slaves, the mother and the oldest child, about eight years old, had been, previous to the sale, injured by burns on the body which rendered them unsound property. The fact of their having been burnt was made known at the sale, but it was stated that they had recovered, and they were sold without any declaration on the subject of warranty. Under such circumstances the sale must be considered as made subject to the usual warranty against redhibitory vices. The burns were not on parts of the body where they could be readily seen at a sale of this kind, and the purchaser could not judge by a superficial examination whether the injury was a serious one.

Although the testimony is conflicting we are satisfied that the injury to the two slaves who were burnt very materially impaired their value, and that the plaintiff is entitled to a reduction of the price as to them.  As to the boy *Charles* and the infant, it is not shown that they died of any disease which existed at the time of the sale and in an action *quanti minoris,* no judgment could be properly rendered, throwing the loss of those negroes on the vendor. The children being all under ten years of age, the right to have the whole sale cancelled on account of the redhibitory vices affecting the mother cannot be doubted.  If the judgment had been one rescinding the sale on account of redhibitory defects, as the tender of the slaves, which was made before the death of the boy, would have placed him at the risk of the estate, the plaintiff would have been released from the loss.  But the plaintiff did not appeal from the judgment and has not asked for an amendment to have the sales rescinded.  He is therefore only entitled to a reduction of the price on account of the two slaves affected by burns.

We cannot tell on what data the Judge of the Court below determined the amount allowed by him in reduction of the price.  It is to be inferred that he included in the estimate the two children who died, and if so, there was error in his judgment in that respect.  The evidence is so conflicting that it is difficult to estimate how much the value of the slaves *Fanny* and *Ellen* was diminished by the injuries they received from the burns.

We think from the evidence, that excluding the two children who died and <span style="float:right">ROBERTSON<br>*v.*<br>WALLIS.</span> for whom nothing ought to be allowed, that a deduction of three hundred dollars from the price would be a sufficient allowance for the diminution in value of the other two by reason of the defects complained of.

It is therefore adjudged and decreed that the judgment of the Court below be reversed and proceeding to render such judgment as ought to have been rendered in the Court below. It is further ordered and decreed that the plaintiff be allowed a deduction on the price of the slaves *Fanny* and her children, of three hundred dollars to be taken *pro rata* from the three notes given for the price, and that the costs in the Court below be paid by the defendant and those of this appeal by the plaintiff and appellee.